IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-76,278-01






EX PARTE ANTONIO ALEMAN, JR. AKA KOJAK, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. B-10-2055-0-CR-B IN THE 156TH DISTRICT COURT


FROM BEE COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of unlawful
possession of a firearm by a felon, possession of a deadly weapon in a correctional facility, and
injury to an elderly person. He was sentenced to twenty years' imprisonment for each conviction. 
He did not appeal his convictions. 

 Applicant contends, inter alia, that his plea was involuntary because he was mis-advised by
both the trial court and his attorney as to the applicable range of punishment for the injury to an
elderly person charge. Applicant has alleged facts that, if true, might entitle him to relief. Strickland
v. Washington, 466 U.S. 668 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App.
2000). In these circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334
S.W.2d 294, 294 (Tex. Crim. App. 1997), the trial court is the appropriate forum for findings of fact. 
The trial court shall obtain a response from Applicant's trial counsel addressing Applicant's claim
of ineffective assistance of counsel. The trial court may use any means set out in Tex. Code Crim.
Proc. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its personal recollection. 
Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact and conclusions of law in regard to Applicant's
claims that his plea was involuntary. Specifically, the trial court shall make findings as to the
substance of the admonishments from both the trial court and counsel concerning the applicable
ranges of punishment applicant faced. The trial court shall also make any applicable findings
detailing the terms of any plea agreement between Applicant and the State. The trial court shall also
make any other findings of fact and conclusions of law that it deems relevant and appropriate to the
disposition of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law and any
court documents relating to Applicant's guilty plea shall be returned to this Court within 120 days
of the date of this order. Any extensions of time shall be obtained from this Court. 




Filed: September 14, 2011

Do not publish